MEMORANDUM **
Appellants Mark and Janet Ziegenhagen, First Call Mortgage & Investments, LLC, and G. Jefferson Campbell, Jr., P.C., appeal a decision by the Bankruptcy Appellate Panel, which affirmed the bankruptcy court’s order permitting a compromise agreement between Appellees Chapter 7 Trustee Tracy D. Trunnell and Lee D. Dorsey, trustee of the Dorsey Loving Trust, concerning certain property of the bankruptcy estate (the “Property”). We review de novo an appeal from the Bankruptcy Appellate Panel, Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.), 163 F.3d 570, 576 (9th Cir.1998), and conduct an independent review of a bankruptcy court’s rulings. Racusin v. Am. Wagering, Inc. (In re Am. Wagering, Inc.), 493 F.3d 1067, 1071 (9th Cir.2007). We affirm.
1. We reject Dorsey’s contention that the appeal is moot. Should Appellants *155 prevail in their claims, disgorgement of monies received by Dorsey on the sale of the Property could be effective and equitable relief. See Sherman v. SEC (In re Sherman), 491 F.3d 948, 968 (9th Cir.2007) (holding that an appeal is not moot “so long as the appellate court [can] fashion relief that is both effective and equitable” (internal quotation marks omitted) (alteration in original)).
2. The bankruptcy court did not abuse its discretion in approving the compromise agreement because the court properly considered the factors established in Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir.1986). See id. at 1380 (stating that “the bankruptcy court’s order approving the trustee’s application to compromise the controversy is reviewed for an abuse of discretion”); see also Woodson v. Fireman’s Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir.1988) (stating that the court “has great latitude in approving compromise agreements”). The bankruptcy judge’s approval of the compromise agreement was reasonable in light of the substantive issues that remained to be litigated, particularly as that litigation, even if successful, would have depleted the estate. The bankruptcy court did not commit reversible error by also applying a “business judgment” standard to its review of the compromise agreement because this additional standard merely increased the burden on the Trustee to show that the settlement agreement was fair and reasonable. See In re A & C Props., 784 F.2d. at 1381; see also In re Woodson, 839 F.2d at 620.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We decline to consider Appellants' argument that an evidentiary hearing was required in connection with the compromise agreement. Appellants failed to raise the issue before the bankruptcy court and, in any event, proffered no evidence at the compromise agreement hearing notwithstanding notice that "testimony may be received.” See Jonas v. U.S. Small Bus. Admin. (In re South-land Supply, Inc.), 657 F.2d 1076, 1079 (9th Cir.1981) (holding that this court need not entertain an objection raised for the first time on appeal unless it is necessary to prevent manifest injustice).